UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS A. BJORNSTAD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　　Defendant. | CASE NO. 14-cv-05793 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 15, 18, 19).

After considering and reviewing the record, the Court concludes that the ALJ erred in failing to include in plaintiff's residual functional capacity ("RFC") finding all of the limitations assessed by Dr. Surinder Singh, M.D. Because the RFC should have

ORDER ON PLAINTIFF'S COMPLAINT - 1

included additional limitations, and because these additional limitations may have affected the ultimate disability determination, the error is not harmless.

## BACKGROUND

Plaintiff, DENNIS A. BJORNSTAD, was born in 1961 and was 40 years old on the alleged date of disability onset of February 2, 2002 (*see* AR. 341-42, 343-45). Plaintiff graduated from high school and has a certificate as a machinist but has never worked as a machinist (AR. 60, 110). He has work experience as a carpenter, sprinkler installer, and window manufacturer (AR. 116-18). He stopped working after being severely burned in a campfire accident and because of back pain (AR. 118).

According to the ALJ, plaintiff has at least the severe impairments of "[d]egenerative disc disease of the lumbar spine; status post burns with skin grafts; depression; polysubstance dependence; antisocial personality disorder; asthma; hypertension (20 CFR 404.1520(c) and 416.920(c))" (AR. 12).

At the time of the hearing, plaintiff was living in his AA sponsor's home (AR. 59).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 144-47). Following the Appeals Council's remand (AR. 10), plaintiff's second requested hearing was held before Administrative Law Judge Michael Gilbert ("the ALJ") on September 26, 2012 (*see* AR. 41-103). On February 22,

2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 7-35).

Plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence, including the opinions of Drs. Schmitter, Ulleland, Hart, and Singh; and (2) Whether or not the ALJ properly evaluated plaintiff's credibility (*see* Dkts. 15, p.1, 18, p. 1). Because this Court reverses and remands the case based on issue 1, the Court need not further review other issues and expects the ALJ to reevaluate the record as a whole in light of the direction provided below.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether or not the ALJ properly evaluated the medical evidence.**

Plaintiff argues that the ALJ erred by giving no weight to the opinion of treating physician Dr. Surinder Singh, M.D. (*see* Opening Brief, Dkt. 15, pp. 10-12). On March 8, 2012, Dr. Singh completed a functional assessment in which he opined that plaintiff is limited to lifting a maximum of ten pounds and can frequently lift or carry no more than two pounds (*see* AR. 765-66).

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). When the decision is unfavorable, it must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion and the reasons for that weight." SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12. However, "'[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted.'" *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

When evaluating the weight to be given to a treating doctor, if the ALJ does not give controlling weight to the treating source's opinion, the ALJ will "apply the factors listed in paragraphs [20 C.F.R. § 404.1527](c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs [20 C.F.R. § 404.1527](c)(3) through (c)(6) of this section in determining the weight to give the opinion." 20 C.F.R. § 404.1527(c)(2). Such factors include the length of the treatment relationship; the frequency of examination; the nature and extent of the treatment relationship; supportability of the opinion; consistency of the opinion; specialization of the doctor; and, other factors, such as "the amount of

understanding of [the] disability programs and their evidentiary requirements." 20 C.F.R. § 404.1527(c).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes, supra*, 881 F.2d at 751).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey, supra*, 849 F.2d at 421-22). But, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (*citing Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). According to the Ninth Circuit, "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinion of other physicians." *Smolen, supra*, 80 F.3d at 1285 (*citing Rodriguez v. Bowen*, 876 F.2d 759, 761-762 (9th Cir. 1989); *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). On the other hand, an ALJ need not accept the opinion of a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings or by the record as a whole. *Batson, supra*, 359 F.3d at 1195 (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Here, the ALJ gave Dr. Singh's opinion no weight, stating:

> Like Dr. Agunblade-Hart's opinion, Dr. Singh's opinion is inconsistent with the objective medical evidence in the claimant's file and the opinions of Dr. Schmitter and Dr. Ulleland. Furthermore, the claimant's orthopedic surgeon indicated the claimant can perform work at the light exertional level only one month after Dr. Singh's opinion.

(AR. 24). None of these reasons is specific, legitimate, and supported by substantial evidence.

First, the ALJ's identification of differences of opinion between Dr. Singh and other physicians is not a legitimate reason for dismissing the treating physician's opinion. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion

is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). That Dr. Singh's opinion is contradicted is what triggers the need for specific and legitimate reasons supported by substantial evidence to reject the opinion; the contradiction is not a legitimate reason in and of itself. *See Lester, supra*, 81 F.3d at 830-31. Therefore, the ALJ erred by rejecting Dr. Singh's opinion because of inconsistencies with state agency medical consultants Dr. Eric Schmitter, M.D., and Dr. Christy Ulleland, M.D. Likewise, that plaintiff's orthopedic surgeon, Dr. Lynn Staker, M.D., indicated that plaintiff could perform light work is simply another difference of opinion between physicians, not a sufficient reason to dismiss Dr. Singh's opinion. Moreover, the ALJ discounted the opinion of Dr. Staker as well, so his use of Dr. Staker's opinion as evidence to dismiss Dr. Singh's opinion is internally inconsistent.

Second, the ALJ's statement that Dr. Singh's opinion is inconsistent with the objective medical evidence is not a legally sufficient reason for rejecting the treating physician's opinion. First, this broad statement falls short of the specificity required when rejecting a treating source's opinion, particularly because the ALJ is rejecting treating physicians' opinions for those of non-examining physicians (*see* AR. 22-24). *See* SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12; *Lester, supra*, 81 F.3d at 830. In rejecting Dr. Singh's opinion, the ALJ makes no specific references to the record and gives no explanation why his interpretation, rather than that of the doctor, is correct. *See* SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12; *Reddick, supra*, 157 F.3d at 725.

1    Furthermore, even inferring that the contradictory objective evidence referred to

2 by the ALJ is that evidence identified in his analysis of the opinion of Dr. Sabrina

3 Agunblade-Hart, M.D., and that the ALJ is rejecting Dr. Singh's opinion for similar

4 reasons to those for rejecting Dr. Agunblade-Hart's opinion, this reasoning is not

5 supported by substantial evidence. The ALJ rejected Dr. Agunblade-Hart's opinion that

6 plaintiff was limited to sedentary work because Dr. Agunblade-Hart found that plaintiff's

7 physical functioning was within normal limits except for burn scars on his legs and that

8 plaintiff only had mild restrictions in leg movement (*see* AR. 23). However, Dr.

9 Agunblade-Hart performed her evaluation in September of 2008 (*see* AR. 516). Plaintiff

10 was diagnosed with degenerative disc disease of the lumbar spine and hypertension in

11 June of 2010 (*see* AR. 635). This diagnosis was in part based on an MRI performed in

12 December of 2009 (*see* AR. 714).[1] That Dr. Agunblade-Hart found normal functioning in

13 2008 is therefore not sufficient evidence that Dr. Singh's 2012 opinion is "inconsistent

14 with the objective medical evidence."

15    Defendant argues that Dr. Singh's opinion consisted of a check-the-box form with

16 little explanation and that the impairments did not clearly meet the duration requirement

17 (*see* Defendant's Brief, Dkt. 18, p. 6). However, the ALJ never stated that he was

18 rejecting the opinion for those reasons, making those arguments improper *post hoc*

---

[1] While the ALJ appears to believe a less restrictive RFC is confirmed by the diagnosis of degenerative disc disease being "only mild to moderate" (*see, e.g.,* AR. 18), an ALJ may not reject a medical opinion by substituting his own lay opinion of the evidence. *See Gonzalez Perez v. Secretary of Health and Human Services*, 812 F.2d 747, 749 (1st Cir. 1987).

rationalizations (*see* AR. 24). *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.") (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency"). Therefore, the ALJ provided no specific and legitimate reason supported by substantial evidence for rejecting the opinion of Dr. Singh.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina, supra*, 674 F.3d at 1115 (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Here, because the ALJ improperly rejected Dr. Singh's opinion in forming the RFC and plaintiff was found to be capable of performing work based on that RFC, the error affected the ultimate disability determination and is not harmless.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen, supra*, 80 F.3d at 1292. Generally, when the Court reverses an

1  ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

2  agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587,

3  595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear

4  from the record that the claimant is unable to perform gainful employment in the national

5  economy," and that "remand for an immediate award of benefits is appropriate." *Id.*

6  Here, the outstanding issue is whether or not a vocational expert may still find an ability

7  to perform other jobs existing in significant numbers in the national economy despite

8  additional limitations. Accordingly, remand for further consideration is warranted in this

9  matter.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 26th day of August, 2015.

J. Richard Creatura
United States Magistrate Judge